IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN MARIE BALL | : CIVIL ACTION |
| v. | : No. 07-3343 |
| SCOTT HOKE, NORTHAMPTON COUNTY PRISON WARDEN, *et al.* | : |

## MEMORANDUM OPINION

Savage, J.                                              February 11, 2008

In this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff Dawn Marie Ball alleges, among other things, that Northampton County prison personnel failed to protect her from an assault by her cell mate on June 21, 2005, and its medical department failed to provide adequate medical care for the injuries she suffered as a result of the attack. The defendants moved to dismiss the complaint on statute of limitations and other grounds. After the motions were converted to motions for summary judgment, the defendants took the plaintiff's deposition and filed briefs on the issue of the statute of limitations defense.

In their motions for summary judgment, the defendants contend that the plaintiff's claims are barred by the two-year statute of limitations. They argue that on the day she was attacked, the plaintiff knew then that she had been injured and believed that the defendants' misconduct caused the attack on June 21, 2005. The complaint was filed on August 14, 2007, more than two years after the attack.

There are genuine factual issues bearing on the questions of whether the plaintiff was prevented from filing her complaint as a result of extraordinary circumstances, and

whether she exercised reasonable diligence in attempting to investigate and bring her claims. Resolution of these factual issues is necessary to determine whether the statute of limitations will be equitably tolled and the plaintiff's complaint will be deemed timely filed. Therefore, summary judgment will be denied.

## Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining the motion, the facts are viewed in the light most favorable to the plaintiff and all reasonable inferences are drawn in his favor. *Intervest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003) (citation omitted).

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Once the movant has done so, the opposing party cannot rest on the pleadings. To defeat summary judgment, she must come forward with probative evidence establishing the *prima facie* elements of her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

## Equitable Tolling

The plaintiff concedes that: (1) her failure to protect and the denial of medical treatment claims immediately following the assault accrued on June 21, 2005; (2) her § 1983 claims are subject to a two-year statute of limitations; and (3) her complaint was filed on August 14, 2007. *See Plaintiff's Resp. to Defs.' Motion for Sum. Judgment* (Doc. No. 22) at 9. She argues that the defendants are estopped from invoking the statute of limitations defense based on the principle of equitable tolling.

Claims brought pursuant to § 1983 are subject to the state statute of limitations for

personal injury actions, which, in Pennsylvania, is two years. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000); 42 Pa.C.S.A. § 5524. The statute of limitations begins to run when the plaintiff's cause of action accrues. *Romero v. The Allstate Corp.*, 404 F.3d 212, 221 (3d Cir. 2005). Under the federal "discovery rule," a federal claim accrues when the plaintiff discovers or should have discovered the injury that forms the basis for the claim. *Id.* at 222.

The parties agree that the plaintiff "discovered" that she was injured on the same date that the attack occurred. They also agree that her claim accrued on June 21, 2005, and the statute of limitations began to run on that date. The parties dispute the facts relevant to determining whether the plaintiff is entitled to equitable tolling.

Equitable tolling extends the statute of limitations when the date on which the claim accrued has already passed. *Lake*, 232 F.3d at 370 (*citing Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1388 (3d Cir. 1994)). The doctrine may be applied to actions brought under the federal civil rights statutes when the state statute of limitations would otherwise frustrate federal policy, and "the principles of equity would make the rigid application of a limitation period unfair." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). Thus, where the plaintiff "has been prevented from asserting her rights in some extraordinary way," the statute of limitations may be tolled, *Lake*, 232 F.3d at 370, as long as the plaintiff was reasonably diligent in attempting to investigate and bring her claims in a timely manner. *LaCava*, 398 F.3d at 276.

Plaintiff argues that equitable tolling should apply to her claims because the prison where she is currently housed prevented her from timely filing her complaint despite her diligent attempts to prosecute her claims. Specifically, she asserts that she had drafted

her complaint on the correct form more than two months before the statute expired; but, when she was sent to the Restricted Housing Unit in April of 2007, her legal documents were confiscated. Despite her numerous requests, the prison personnel would not return them. Her first draft complaint was lost during this time. While she was seeking the return of her confiscated legal property, the plaintiff tried to draft another complaint. However, because the Muncy prison had only Middle District forms, she had to send a written request to the Eastern District of Pennsylvania for the correct complaint form. On May 17, 2007, the plaintiff sent a request to the Eastern District Court for a form, which she received a few days later. She promptly redrafted her complaint. On May 24, 2007, she sent the redrafted complaint, along with about 100 pages of other documents, to the business manager at Muncy to have the library make copies. Because the number of copies exceeded her allotment, the library rejected her duplication request. Plaintiff then asked the library to return the documents so that she could copy the few documents she needed to file her lawsuit on her own. What resulted was a series of mis-communications, with the library writing the plaintiff that it had already returned the documents to her, and the plaintiff responding that she had not received them. In fact, from early June through early July of 2007, the plaintiff wrote the library daily in search of her documents. She never received them.

The defendants argue that even if the plaintiff's recitation of the difficulties she encountered prior to filing her complaint are true, these circumstances were not "extraordinary" and did not actually "impede" her ability to file a timely complaint because she did not need a specific form to file her claim. The defendants also argue that the plaintiff did not exercise adequate diligence in pursuing her claim because she was aware

4

of her cause of action on the day of the assault. Nothing prevented her from filing her complaint sooner, and instead she waited to file a complaint "until the last minute." See Prison Defs.' Reply Brief (Doc. No. 25) at 7-8; Medical Def.'s Reply Brief (Doc. No. 24) at 5-6.

Notwithstanding the defendants' contentions, the plaintiff has presented evidence that she was prevented from timely filing her complaint. The plaintiff finished drafting her complaint by April 10, 2007 - more than two months before the end of the limitations period. In addition, in the face of numerous obstacles that she did not create, the plaintiff acted diligently to get her complaint filed. Not only did she repeatedly request her confiscated legal papers from the prison staff when she was in the RHU, she also ordered and obtained another Eastern District form and redrafted her complaint. Then, after the library lost that complaint, she persevered in her attempts to get the library to track down her documents and return them to her.

The plaintiff has presented evidence that creates a factual dispute regarding whether she was prevented from filing her complaint as a result of extraordinary circumstances, and exercised reasonable diligence in attempting to investigate and bring her claims.[1]

---

[1] The defendants improperly rely on Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002), for the proposition that lack of access to documents needed to prepare a pleading does not warrant equitable tolling. See Prison Defs.' Reply Br. (Doc. No. 25) at 7-8. In that case, the court denied the plaintiff's request to toll the statute because he had failed to exercise reasonable diligence in attempting to investigate and bring his claims, not because deprivation of one's legal documents is never an "extraordinary" circumstance. Robinson, 313 F.2d at 142-43. Unlike the plaintiff in Robinson, Ball diligently pursued her claims.

## Conclusion

There are genuine issues of fact regarding the reasons why the plaintiff's complaint was not filed timely and what efforts she made to file it within the statute of limitations. Therefore, the defendants' motions for summary judgment will be denied.[2]

---

[2] As prescribed by the court, the motions for summary judgment address solely the statute of limitations bar. In their motions to dismiss the original complaint, the defendants raised other grounds. (See Document Nos. 11 and 14). If the defendants wish to pursue the remaining arguments in their Rule 12(b)(6) motions, they may reassert them by incorporating them in a renewed motion to dismiss the complaint, or, if the plaintiff amends her complaint, in a motion to dismiss the amended complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN MARIE BALL | : CIVIL ACTION |
| v. | : No. 07-3343 |
| SCOTT HOKE, NORTHAMPTON COUNTY PRISON WARDEN, et al. | : |

## ORDER

**AND NOW**, this 11th day of February, 2008, upon consideration of the Motion for Summary Judgment on Behalf of Defendants, Scott Hoke, Sweeney and Garcia (Document No. 18), Defendant Primecare, Inc.'s Motion for Summary Judgment (Document No. 19) and the plaintiff's responses, it is **ORDERED** that the motions are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have until February 25, 2008 to file an amended complaint.

_____
TIMOTHY J. SAVAGE, J.